AT THE

## NOVEMBER TERM, A. D. 1879.

---

CROFTON vs. THE STATE.

1. LANDS OF THE STATE: *Coupons not receivable for.*
Neither the "act to provide for the funding of the public debt of the state," passed April 6, 1869, nor the act of the fifth of March, 1875, fixing the price of state lands, etc., by any of their provisions, authorizes the commissioner of state lands to receive coupons of the funded bonds of the state in payment of lands sold by him.

APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.
*Percy Eakin*, for appellant.
*Attorney General Henderson*, contra.

ENGLISH, C. J. On the eighth of October, 1877, H. H. Crofton applied to the circuit court of Pulaski county for a mandamus against J. N. Smithee, commissioner of state lands, etc. On the eighteenth of the same month the peti-

·tioner filed an amended petition, to which, on the same day, the commissioner filed an answer..

On the twenty-third of October, the petitioner entered a general demurrer to the answer; upon the submission of which, the court held that the facts stated in the petition were not sufficient in law to entitle the petitioner to the writ, and rendered judgment accordingly—from which Crofton appealed to this court.

We are first to decide whether the facts alleged in the petition were sufficient to entitle the appellant to the mandamus as prayed.

The petition follows:

" Your petitioner would respectfully state that, in pursuance of an advertisement by the commissioner of state lands, Hon. J. N. Smithee, a copy of which advertisement is hereto attached, and made a part hereof, said Smithee, as such commissioner, did proceed to sell said lands at public outcry, to the highest bidder for cash.   That petitioner bid the sum of $280—being the appraised value of the northeast quarter of southwest quarter, and southeast quarter of southwest quarter of section thirty-two, township ten south, range twenty-seven west—for said lands; and, being the highest and best bid then offered, the said lands were then and there struck off and sold to petitioner for said sum of $280.

" That on the sixteenth of October, 1877, petitioner tendered to said Smithee, as commissioner, the sum of $280, as follows: Nine over-due coupons of the state six per cent. funded bonds, each for thirty dollars, amounting, in the aggregate, to $270, and $10 in state scrip; and that said Smithee, as commissioner, refused to receive said coupons in payment for said lands, so bid in by your petitioner.

That said coupons are in possession of and deposited with the clerk of the court, subject to its inspection."

Prayer for mandamus to compel the commissioner to receive the coupons in payment for the lands.

The petition does not allege what class of the lands of the state were offered for sale by the commissioner, and bid for by appellant. Nor is the advertisement referred to in the petition, in the transcript before us. Whether the lands were swamp lands, internal improvement lands, forfeited lands, or lands mortgaged to the Real Estate bank, we do not know from the allegations of the petition.

The coupons alleged to have been tendered in part payment of appellant's bid, and deposited with the clerk of the court below, are not copied into the transcript, and are not before us. The petition alleges that they were nine over-due coupons of the state six per cent. funded bonds, each for $30, and makes no other or more particular description of them. It may be supposed, from the language of the petition, that the coupons tendered were taken from some of the bonds issued under the act of sixth of April, 1869, entitled "An act to provide for the funding of the public debt of the state." *Acts of 1869, p. 115.* That act required the governor to fund the debt of the state, consisting of bonds issued by the state to the Real Estate bank, and State banks, by issuing, in lieu thereof, new bonds of the state, payable at thirty years, bearing interest at six per cent. per annum, with coupons attached for installments of interest, payable in the city of New York. It may be stated, as a matter of public history, that, under the provisions of the act, some bonds were issued in lieu of bonds that had been issued to the State bank; others, in lieu of bonds issued to the Real Estate bank, and sold for banking capital; and others in lieu of five hundred bonds for $1,000

18

each, pledged to the North American Trust and Banking company, commonly known as the Holford bonds—the history of which may be found in *Whitney v. Peay, Receiver, et al., 24 Ark., 22.*

From which class of the new bonds, so issued, the coupons tendered by appellant were taken, does not appear from the allegations of the petition.

There is no provision of the act of April 6, 1869, making the coupons of bonds, issued under the act, receivable in payment for lands sold by the commissioner of state lands.

By act approved February 26, 1879, it is provided: "That the six per cent. funded bonds of the state, shall be received by the treasurer in payment of debts due the Real Estate bank, and in payment of the purchase money of lands whereof the state has title, by reason of the foreclosure of mortgages executed to said bank, whether the said bonds be due or not; provided, that bonds issued in lieu of the bonds known as the Holford bonds shall not be received." *Acts of 1879, p. 10.*

Assuming that appellant's bid was for bank lands, and that the coupons tendered were not from the excluded class of bonds, yet appellant can have no benefit of this act in this suit, because the tender was made, and the judgment of the court below, refusing the mandamus, rendered before the passage of the act.

The act of fifth of March, 1875, (*Acts of 1875, p. 218*), fixing the price of state lands, etc., relied on by counsel for appellant, does not authorize the commissioner, by any of its expressions, to receive coupons of the funded bonds for lands sold by him.

In *Thruston et al. v. Peay, Receiver, 21 Ark., 85,* it was decided that it was competent for the legislature, under its

power to regulate the law of set-off, etc., to make (as it had done by acts referred to in the opinion of the court) the interest due upon the bonds issued by the state for the benefit of the Real Estate bank, and evidenced by the coupons attached, receivable in pay of debts due the bank. But neither the decision, nor the legislation referred to in the opinion, has any bearing on any question presented in this case.

Counsel have discussed, in this case, the validity of the novated Holford bonds, but the facts alleged in the petition present no such question for decision.

The facts alleged in the petition being insufficient in law to entitle appellant to mandamus, and the demurrer to the answer reaching back to the petition, the judgment of the court was rightly rendered against appellant, and must be affirmed.